**Joao Carlos Salvador GOMES, Plaintiff–Appellant,**

v.

**ANGOP, Angola Press Agency, et al., Defendants–Appellees.**

**No. 12–3826–cv.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2013.

Joao Carlos Salvador Gomes, Jackson Heights, New York, pro se.

Marjorie E. Berman, Krantz & Berman, LLP, New York, NY, Andrew Z. Schwartz, Foley Hoag LLP, Boston, MA, for Defendants–Appellees.

PRESENT: GUIDO CALABRESI, DENNY CHIN, CHRISTOPHER F. DRONEY, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Joao Carlos Salvador Gomes, proceeding *pro se,* appeals from the district court's judgment entered August 24, 2012, dismissing his complaint with prejudice. By opinion and order entered August 22, 2012, the district court granted defendants' motion to dismiss for lack of personal jurisdiction and lack of subject matter jurisdiction, and denied Gomes's motions, *inter alia,* to remand the case to state court. On appeal, Gomes raises a host of arguments. He also moves for leave to supplement the record on appeal and to file a supplemental appendix. We assume the parties' familiarity with the facts, procedural history, and issues for review.

As an initial matter, we deny Gomes's motions to supplement the record. The record on appeal is typically limited to "the original papers and exhibits filed in the district court." Fed. R.App. P. 10(a)(1). Similarly, the appendix consists of "the relevant docket entries in the proceeding below" and "the relevant portions of the pleadings, charge, findings, or opinion." Fed. R.App. P. 30(a)(1)(A)-(B). Here, Gomes had ample opportunity below to submit evidence and did, in fact, submit hundreds of pages of exhibits in support of his arguments. "Ordinarily, material not included in the record on appeal will not be considered." *Loria v. Gorman,* 306 F.3d 1271, 1280 n. 2 (2d Cir.2002) (internal citation omitted). No "extraordinary circumstances" are apparent here that would cause us to consider anything outside the record. *See Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.,* 596 F.3d 112, 124 (2d Cir.2010) (quoting *Int'l Bus. Mach. Corp. v. Edelstein,* 526 F.2d 37, 45 (2d Cir.1975)).

We review *de novo* a district court's decision to deny a motion to remand. *Pietrangelo v. Alvas Corp.,* 686 F.3d 62, 64

(2d Cir.2012). In reviewing a district court's decision to dismiss a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir.2008) (per curiam). Likewise, when a district court dismisses a complaint for lack of personal jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013).

We have conducted an independent review of the record, and we affirm the district court's denial of Gomes's motion to remand and its dismissal of his complaint for lack of personal and subject matter jurisdiction, substantially for the reasons stated by the district court in its thorough opinion and order.

We have considered all of Gomes's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court. It is further ordered that Gomes's motions are **DENIED**.